UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUIS PETER GOYETTE,<br><br>                  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                  Defendant. | CASE NO. C14-1869-MJP-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Louis Peter Goyette proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1965.[1] He finished ninth grade and later attended automotive school, and previously worked as an auto mechanic. (AR 35-37, 248.)

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

Plaintiff protectively filed an application for SSI on June 15, 2011, alleging disability beginning May 28, 2008.[2] (AR 221-26, 236.)  His application was denied at the initial level and on reconsideration, and he timely requested a hearing.  (AR 124-36, 140-53.)

On April 10, 2013, ALJ Timothy Mangrum held a hearing, taking testimony from Plaintiff, Plaintiff's aunt, and a vocational expert (VE).  (AR 29-62.)  On August 16, 2013, the ALJ issued a decision finding Plaintiff not disabled.  (AR 14-24.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on October 7, 2014 (AR 1-4), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not worked since the alleged onset date.  (AR 16.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's affective disorder (depression or bipolar disorder), attention deficit hyperactivity disorder, alcohol abuse disorder (in remission), osteoarthritis, hepatitis C, and asthma.  (AR 16-17.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 17-18.)

---

[2] At the administrative hearing, Plaintiff amended his alleged onset date to June 15, 2011.  (AR 32-33.)

REPORT AND RECOMMENDATION  RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. § 416.967(b), with additional limitations: he can frequently handle and finger, and he must avoid concentrated exposure to extreme cold and pulmonary irritants. He can perform unskilled work, and can have occasional interaction with the public and coworkers. (AR 18-22.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work. (AR 23.)

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as parts assembler, mail room clerk, and marketing clerk. (AR 23-24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) failing to include cognitive disorder as a severe impairment at step two; (2) discounting the opinions of examining psychologist Wayne Dees,

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 3

Ph.D., and treating mental health clinician Amyjean Paterson; (3) discounting the lay testimony provided by Plaintiff's aunt, Melody Norman; and (4) assessing Plaintiff's RFC.[3] The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

Step Two & Medical Opinion Evidence

Plaintiff assigns error to the ALJ's failure to include a cognitive disorder among his severe impairments at step two, despite multiple diagnoses. (*See, e.g.*, AR 484-85, 534.) The ALJ acknowledged[4] the cognitive disorder diagnoses, but stated that Plaintiff's memory and concentration deficits were accommodated in the RFC assessment by limiting Plaintiff to unskilled work. (AR 21-22.) Plaintiff argues that the ALJ's RFC assessment does not account for all limitations that could have been caused by a cognitive disorder, such as attendance and pace problems. Dkt. 14 at 6.

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)

---

[3] Plaintiff's fourth assignment of error reiterates arguments made in the other sections, and thus need not be addressed separately. Dkt. 12 at 11-12.

[4] Plaintiff inaccurately states that "[t]he ALJ did not mention the Plaintiff's Cognitive Disorder in the decision. As such it is reasonable to conclude that he did not consider it in arriving at the RFC." Dkt. 14 at 6. The ALJ did not include a cognitive disorder at step two, but did discuss those diagnoses when assessing Plaintiff's RFC. (AR 21-22.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

(quoting Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985)). The erroneous exclusion of an impairment at step two can be harmless, if the ALJ addresses the limitations caused by the omitted impairment when assessing the claimant's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to list impairment as severe at step two harmless where limitations considered at step four).

The Commissioner acknowledges that the record contains cognitive disorder diagnoses, but argues that there is no "medical evidence that the diagnosis limited [Plaintiff's] ability to perform basic work activities." Dkt. 13 at 9. An examining physician, Karen Ni, M.D., diagnosed a cognitive disorder, but did not identify any particular limitations that result. She opined that it is "unclear if [Plaintiff] has the focus or memory at this point to learn even a basic level job."[5] (AR 484-85.) Dr. Dees also diagnosed a cognitive disorder (childhood onset) (AR 534), and opined that Plaintiff could perform simple and repetitive tasks, but found it "[u]nlikely he would be able to work in a consistent and competitive environment or show up for work on time due to [mental health] issues." (AR 536.) Thus, contrary to the Commissioner's argument, Dr. Dees's opinion, in particular, could indicate that Plaintiff's cognitive disorder (along with other mental health conditions) significantly impacted his ability to work.

But the ALJ discounted Dr. Dees's opinion, finding his opinion that Plaintiff suffered from severe depression to be inconsistent with Plaintiff's own reports that he was not depressed.

---

[5] The ALJ indicated that he found his decision to be consistent with Dr. Ni's opinion, because the RFC limitation to unskilled work accounted for the memory and concentration deficits mentioned by Dr. Ni. (AR 21 (citing AR 485).) Plaintiff speculates that Dr. Ni's opinion could imply pace deficits and social limitations (Dkt. 14 at 6), but the text of Dr. Ni's opinion does not explicitly reference these concerns. (AR 485.) Thus, Plaintiff has not established that the ALJ's interpretation of Dr. Ni's opinion is not reasonable. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

(AR 22 (citing AR 519, 521).)  The ALJ also found Dr. Dees's opinions regarding Plaintiff's limitations to be inconsistent with the mostly normal or mild findings on mental status examination.  (AR 22 (referencing AR 536-37).)  The ALJ characterized Dr. Dees's opinion as relying "in large part" on Plaintiff's subjective self-reporting, which the ALJ found lacked credibility.  (AR 22.)  Lastly, the ALJ noted that Dr. Dees was under the impression that Plaintiff had been sober for a month at the time of the April 25, 2012 examination (AR 535), even though his alcohol use had been only "dramatically been reduced[,]" but not ceased.  *See* AR 521 (April 6, 2012 note referencing continued use of alcohol, against medical advice), 584 (June 19, 2012 note indicating that Plaintiff continued to use alcohol and is not worried about the "serious health risks involved" in using alcohol while on methadone), 587 (April 24, 2012 note referencing alcohol use "2 weekends ago").

An ALJ's reasons to discount a contradicted treating or examining physician's opinion must be specific and legitimate.  *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).  The ALJ's first reason to discount Dr. Dees's opinion is legitimate, because the ALJ cited evidence showing that Plaintiff contemporaneously reported that he did not feel depressed or hopeless, or a lack of interest in doing things (AR 519, 521), although he reported a depressed mood and anhedonia to Dr. Dees (AR 534).  (AR 22.)  This contradiction in Plaintiff's reporting of symptoms is a legitimate reason to discount Dr. Dees's opinion.  *Thomas*, 278 F.3d at 956-57 ("'When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict.'" (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992))).  Furthermore, Dr. Dees's mental status examination revealed mostly normal findings, as to content of thought, stream of mental activity, orientation, memory (in most respects), concentration, abstract thinking, and insight and judgment.  (AR 536-37.)  These mostly normal

REPORT AND RECOMMENDATION  RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

findings are inconsistent with a suggestion that Plaintiff's cognitive disorder would preclude the ability to work.

Dr. Dees's opinion also reflects reliance on Plaintiff's self-reporting, as the psychologist's report records many of Plaintiff's comments verbatim. (AR 535-36.) Plaintiff does not challenge the ALJ's adverse credibility determination, and the ALJ's undisputed credibility findings provide a legitimate reason to discount Dr. Dees's opinion. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Finally, Dr. Dees's opinion does reflect Plaintiff's lack of candor regarding his alcohol use. (*Compare* AR 521, 587 *with* AR 535.) This is a legitimate reason to discount Dr. Dees's opinion, because he did not have an accurate picture of Plaintiff's sobriety. *See, e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed. Appx. 519, 522 (9th Cir. Dec. 16, 2008).

Therefore, because the ALJ properly discounted Dr. Dees's opinion, the ALJ could disregard the limitations indicated by Dr. Dees that could be attributable to a cognitive disorder. Accordingly, Plaintiff has failed to establish any prejudicial harm flowing from the ALJ's exclusion of a cognitive disorder at step two.

### "Other" Medical Opinion Evidence

Plaintiff also assigns error to the ALJ's rejection of an opinion provided by Ms. Paterson, a treating clinician, who indicated that Plaintiff's cognitive and social limitations were marked. (AR 528-33.) The ALJ accurately noted that Ms. Paterson was not an acceptable medical source. (AR 21.) Social Security regulations distinguish between "acceptable medical sources" and "other" sources. Acceptable medical sources include, for example, licensed physicians and

psychologists, while other providers, such as nurses and therapists, are considered "other" sources. *See* 20 C.F.R. §§ 404.1513(a) & (d), 416.913(a) & (d); Social Security Ruling 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006) ("The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source[.]'").

Plaintiff argues that Ms. Paterson's status as an "other" source does not alone justify discounting her opinion, referencing unidentified "law" that "clearly states" this proposition. Dkt. 14 at 4. There are numerous Ninth Circuit opinions indicating, however, that an ALJ may give opinions from "other" sources less weight than opinions provided by "acceptable medical sources." *See, e.g.*, *Blodgett v. Comm'r of Social Sec. Admin.*, 534 Fed. Appx. 608, 610 (9th Cir. Jul. 23, 2013) ("Opinions from 'other sources' can be accorded 'less weight than opinions from acceptable medical sources.'" (quoting *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996))); *Wake v. Comm'r of Social Sec. Admin.*, 461 Fed. Appx. 608, 610 (9th Cir. Dec. 14, 2011) (citing *Gomez*). As such, the ALJ's reasons for discounting Ms. Paterson's opinion need only be germane. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ discounted Ms. Paterson's opinion because she had not reviewed treatment notes wherein Plaintiff denied experiencing depression. (AR 21-22.) Plaintiff reported "symptoms associated with depression" to Ms. Paterson: lack of energy, feeling easily overwhelmed, feelings of sadness and hopelessness. (AR 528.) But on the other hand, Plaintiff denied feeling depressed or hopeless, or feeling little interest or pleasure doing things, during appointments with physical providers. (*See, e.g.*, AR 51 1, 513, 518, 519, 521.) This conflicting evidence is a germane reason to discount Ms. Paterson's opinion. *See Jordan v. Colvin*, 603 Fed. Appx. 611, 611 (9th Cir. May 15, 2015) (affirming an ALJ's rejection of nurse practitioner

opinions as inconsistent with other medical evidence).

Lay Evidence

Plaintiff assigns error to the ALJ's rejection of his aunt's statements. The ALJ summarized Ms. Norman's written statements and hearing testimony, and stated that the same reasons supporting his adverse credibility determination apply to Ms. Norman's evidence. (AR 22 (citing AR 257-64).) The ALJ also found that in some respects, Ms. Norman's statements also contradicted Plaintiff's descriptions of his limitations. (AR 22.) For example, Ms. Norman testified that Plaintiff cannot safely cook independently (AR 53), yet Plaintiff reported that he can independently cook, clean, shop for groceries, and complete hygiene tasks (AR 484).

These reasons are germane to Ms. Norman. Plaintiff did not challenge the sufficiency of the ALJ's reasons to discount his own credibility, and these reasons apply to Ms. Norman's testimony to the extent she described similar limitations. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Evidence of conflict between Ms. Norman's testimony and Plaintiff's testimony is also a germane reason to discount Ms. Norman's statements. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001). Because the ALJ's reasons to discount Ms. Norman's testimony are germane, the ALJ did not err. *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 4, 2015**.

DATED this 19th day of August, 2015.

Mary Alice Theiler
United States Magistrate Judge